**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JERRY DEEN**                                                                                      **PLAINTIFF**

**V.**                                              **4:10CV1160 JMM**

**CLAIRDAY FOOD SERVICE ENTERPRISES, INC.**                          **DEFENDANT**

<u>**ORDER**</u>

The parties have filed cross-motions for partial summary judgment of Plaintiff's claim of

retaliation under the Family and Medical Leave Act of 1993 ("FMLA").  For the reasons set

forth below, the Plaintiff's motion is denied and the Defendant's motion is granted.

**I.**      <u>**Undisputed Facts**</u>

Plaintiff Jerry Deen was employed by Defendant Clairday Food Service Enterprises from

April 6, 1983 until May 4, 2010.  During the time that Deen was recovering from surgery,

Clairday terminated his employment.  Deen contends that he was on medical leave at the time of

his termination and Clairday contends that Deen was on paid vacation.

Plaintiff's job responsibilities were assumed by Greg Clairday, who was already

employed by the Defendant as the area and marketing manager.  Plaintiff has not reapplied for a

position with the Defendant and Plaintiff's previous position has not been filled.

On August 19, 2010, Deen filed this lawsuit claiming that Clairday violated the FMLA

by firing him during medical leave and that Clairday breached a contract with Deen when

Clairday refused to give Deen twenty percent of the Pizza Inn stores which he had supervised.

On May 23, 2011, Plaintiff took the deposition of Bob Clairday, the owner of Clairday Food

Service Enterprises.  During the deposition Mr. Clairday was asked the following:

Q      Have you ever contacted Mr. Deed [sic] to hire him back?

A      No, sir.

Q      Why is that?

A      He sued me.

Q      But for him suing you, would you have hired him back?

A      Yeah.

(Clairday Dep. at p. 23, lines 7-12).

On June 10, 2011, Plaintiff requested leave to amend his Complaint to add a claim for retaliation under the FMLA.  The Court granted the motion.  Plaintiff filed his First Amended and Substituted Complaint on June 13, 2011, claiming that the Defendant retaliated against him in violation of the FMLA by refusing to re-hire him because Plaintiff filed this lawsuit.

## II.      <u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III.   <u>Analysis</u>

"An employee can bring two types of claims under the FMLA: (1) 'interference' claims where the employee alleges that the employer denied or interfered with her substantive rights under the FMLA; and (2) 'retaliation' claims where the employee alleges that the employer discriminated against her for exercising her FMLA rights."  *Wierman v. Casey's General Stores,* 638 F.3d 984, 999 (8th Cir. 2011) (citing *Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008); 29 U.S.C. § 2615(a)(1)-(2)).  Plaintiff has brought both types of claims in this case.  However, the cross-motions for summary judgment pertain only to Plaintiff's retaliation claim.

To establish a prima facie case of retaliation under the FMLA, Plaintiff must show that: 1) he engaged in protected conduct; 2) he suffered a materially adverse employment action; and

3) the materially adverse action was causally linked to the protected conduct. *Id.*  In this case, the materially adverse action occurred on May 4, 2010.  Plaintiff's protected conduct occurred on August 19, 2010.  In other words, the materially adverse action, the termination, occurred before the protected conduct, the filing of the lawsuit.  Therefore, it is impossible to find that the termination was "causally linked" to the filing of the lawsuit.

Further, Plaintiff cannot contend that the Defendant failed to re-hire him after filing this lawsuit because Plaintiff did not re-apply for a position with the Defendant after filing this lawsuit.  In *Lackey v. Jackson County, Tenn.*, 104 Fed. Appx. 483 (6th Cir. 2004), the plaintiff filed suit for retaliation under the FMLA based upon his former boss's statement in a deposition. The Court stated, "Plaintiff's insistence that Defendant Mahaney's statement in his deposition that he would not rehire Plaintiff because of Plaintiff's filing of the lawsuit is irrelevant for the purposes of this appeal because Plaintiff has not reapplied for his old position or any other employment by the county." *Id.* at 490.  *See also Abney v. Unifab Corp.*, 2006 WL 1417975 (W.D. Mich. 2006) (no prima facie case of retaliation where there is no evidence plaintiff reapplied for employment); *Cartwright v. Lockheed Martin Utility Servs. Inc.*, 40 Fed. Appx. 147, 157 (6th Cir. 2002) (same). Plaintiff has not cited any law to the contrary.  Accordingly, Plaintiff cannot establish a prima facie case of retaliation under the FMLA.

## IV.   Conclusion

For these reasons, Plaintiff's Motion for Partial Summary Judgment on Claim for Retaliation (Docket # 13) is DENIED and Defendant's Cross Motion for Partial Summary Judgment (Docket # 22) is GRANTED.  Plaintiff's claim for retaliation under the FMLA is dismissed.

IT IS SO ORDERED this 10th day of August, 2011.

James M. Moody
United States District Judge