## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JERRY DEEN**                                                                      **PLAINTIFF**

**V.**                                          **4:10CV1160 JMM**

**CLAIRDAY FOOD SERVICE ENTERPRISES, INC.**                    **DEFENDANT**

### ORDER

Pending is the Motion for Summary Judgment filed by the Defendant Clairday Food Service Enterprises, Inc. ("Clairday Foods").  Plaintiff has responded to the motion.  For the reasons set forth below, the Motion is DENIED.

### I.      Facts

Defendant Clairday Foods owns and operates nine Pizza Inn restaurants across the State of Arkansas.  Plaintiff Jerry Deen was employed by Clairday Foods for twenty-seven (27) years from April 6, 1983 until May 4, 2010.  Plaintiff served as an area manager for five of the nine Pizza Inn restaurants owned by Clairday Foods.

On April 21, 2011, Plaintiff underwent elective gastric bypass surgery.  During the time that Deen was recovering from surgery, Bob Clairday, CEO of Clairday Foods, made the decision to terminate Plaintiff's employment.  According to the Defendant, Plaintiff was on paid leave during this time.  Plaintiff, however, contends that he was on FMLA leave beginning April 21, 2011 until his termination on May 4, 2011.

The Defendant states that Clairday Foods eliminated Plaintiff's position as a cost saving measure because the company was experiencing a significant downturn in business and an increase in operational costs.  Plaintiff responds that Clairday Foods did not experience any extraordinary financial problems in 2008-2010.  As the area manager for over half of the

Defendant's restaurants, Plaintiff reviewed and prepared financial reports for the restaurants he managed.  Plaintiff states that from October, 2008 through September, 2009, the total profit for the five restaurants he managed equaled $336,763.82.  Plaintiff states that in March, 2010, the five restaurants were on pace to make a profit of at least $300,000.00 by October, 2010.  (Pl's Ex. A and B).  Plaintiff claims that he was terminated because he took FMLA leave not because of economic difficulties at Clairday Foods.

On August 19, 2010, Deen filed this lawsuit claiming that Clairday violated the FMLA by terminating his employment while he was on medical leave.  Plaintiff also claims that Clairday Foods breached a contract with him when the Defendant refused to give Plaintiff twenty percent of the Pizza Inn stores which he had supervised.

The Defendant asks the Court to dismiss Plaintiff's Complaint because Defendant would have made the decision to terminate Deen's employment regardless of his FMLA leave status. The Defendant further argues that Plaintiff's breach of contract claim must be dismissed because (1) the alleged oral contract is unenforceable based upon the Statute of Frauds; (2) the terms of the alleged contract are not definite; and (3) conditions precedent have not been fulfilled by the Plaintiff.

## II.    <u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine

> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III.   Analysis

### A.   FMLA Interference Claim

"The FMLA entitles eligible employees to take a total of twelve weeks of leave during a twelve-month period due to 'a serious health condition that makes the employee unable to

perform the functions of the position of such employee.'  When an employee completes her FMLA leave, she is generally entitled to be restored to the position she occupied before she took leave." *Throneberry v. McGehee Desha County Hosp.,* 403 F.3d 972, 977 (8th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(D) and 29 U.S.C. § 2614(a)(1)).  However, the Eighth Circuit has held that "an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights."  *Throneberry,* 403 F.3d at 977.

The Court finds that the Plaintiff has presented enough evidence to create a genuine issue of material fact as to whether the Defendant's theory of economic hardship was the actual reason for Plaintiff's termination or merely a pretext for interference with Plaintiff's FMLA rights.  The Defendant will have the burden to prove at trial that Plaintiff would have been terminated regardless of his FMLA leave status.  *Id.* at 980.

**B.**    **Breach of Contract**

Plaintiff claims that when he turned fifty years old he requested a meeting with Bob Clairday to discuss a financial package for Plaintiff upon his retirement.  At that meeting, Bob Clairday promised Plaintiff that when Plaintiff retired he would be entitled to twenty percent of the restaurants he was managing at the time of Plaintiff's retirement.  The agreement was not in writing.  Plaintiff and Clairday did not discuss further details of the agreement.  Plaintiff felt comfortable that Clairday would take care of him.  Plaintiff and Clairday referred to the agreement two other times during Plaintiff's employment.  (Deen Dep.)  The Defendant disavows any such agreement was ever made between the parties.

The Defendant argues that Plaintiff cannot maintain his breach of contract claim because

4

the alleged retirement agreement is unenforceable for several reasons.  First, the Defendant

claims that the agreement violates the Statute of Frauds because it is not in writing.  The Statute

of Frauds, in relevant part, requires a contract to be in writing if the contract or promise is

incapable of performance within a year.  *See* Ark. Code Ann § 4-59-101(a)(6).   The alleged

retirement agreement between the Plaintiff and the Defendant did not consider a time frame for

Plaintiff's retirement.  Plaintiff states that he thought he would be able to work until he was

seventy (70) years of age, but he had no way of knowing what would happen in the future.

Pursuant to Arkansas case law, a contract does not fall within the Statute of Frauds if the promise

is capable of performance within a year. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.,* 16 S.W.3d 265,

271 (Ark. App. 2000) (rev'd on other grounds).  It was possible, even if unlikely, that Plaintiff

could have retired within one year of the retirement agreement with Bob Clairday.  Therefore,

the Court finds that the alleged retirement agreement was not within the Statute of Frauds and,

thus, not required to be in writing to be enforceable.

The Defendant also argues that the alleged retirement agreement is unenforceable

because the terms were never definitively agreed upon and because Plaintiff did not satisfy the

condition precedent.  While the evidence presented on these issues is tenuous at best, the Court

finds that there are questions of fact for the jury to determine.  *See e.g., Ark. Pizza Group, Inc. v.*

*Wilkins,* 1997 WL 601379 (Ark. App. 1997).  Defendant's Motion for Summary Judgment as to

Plaintiff's contract claim is denied.


IV.    **Conclusion**

In conclusion, the Defendant's Motion for Summary Judgment (Docket # 35) is

DENIED.

IT IS SO ORDERED this 16th day of September, 2011.


_____

James M. Moody

United States District Judge