IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JERRY DEEN                                                                                                    PLAINTIFF

V.                                               4:10CV01160 JMM

CLAIRDAY FOOD
SERVICE ENTERPRISES                                                                          DEFENDANT

## ORDER

The Court has reviewed the parties' motions in limine (ECF No. 58 and 60) and their responses. The Court finds as follows:

A. Plaintiff's Motion

1. The Court will hear arguments outside the jury's presence on the issue of Plaintiff's social security disability payments and their relevance. The parties are directed to refrain from referring to Plaintiff's receipt of social security disability benefits until the Court has ruled on the issue.

2. The motion is moot as to evidence of past altercations between Plaintiff and Greg or Bob Clairday.

3. The motion is denied as to Plaintiff's past use of FMLA leave. The evidence related to Plaintiff's past use of FMLA leave is relevant and admissible.

4. The motion is moot as to exhibits that purport to state the law.

5. The motion is moot as to commentary on witnesses not called by the Plaintiff.

B. Defendant's Motion

1. The motion is granted as to Bob Clairday's statement about re-hiring the Plaintiff. The Court does not find the statement relevant to the perceived value of Plaintiff

      as an employee, to Defendant's bias, or to the nature of the Defendant's financial hardship. The evidence is not relevant to the issues remaining in the case.

2. The motion is granted in part and denied in part as to evidence related to buyouts or retirement plans of other Clairday Food Services employees. Plaintiff may testify that he had an impression or belief that similar agreements existed between the Defendant and other employees. Plaintiff may not, however, quote what other employees told him about their agreements.

3. The motion is denied as to Plaintiff's testimony regarding his health. Plaintiff can testify to his personal knowledge of the effects of diabetes and gastric bypass surgery. He can testify that he consulted physicians before making the decision to undergo surgery and state his reasons for making the decision. The Court will consider the admissibility of further testimony on the issue, if necessary, at trial.

4. The motion is moot as to evidence that Plaintiff was guaranteed employment with the Defendant.

5. The motion is granted as to evidence of the personal financial condition, wealth or net worth of Bob Clairday and Greg Clairday unless the Defendant raises the issue at trial.

IT IS SO ORDERED this 10th day of May, 2012.

_____
James M. Moody
United States District Judge